LEAR, Judge.
The plaintiff, Joseph Dupre, an employee of Patterson and Edmondson Construction Company (Patterson), was injured on August 23, 1974, while in the course and scope of his employment in the yard of Otis Engineering Corporation (Otis) in Houma, Louisiana. Plaintiff filed this tort suit for damages arising out of the accident against Otis, its insurer, Highlands Insurance Company (Highlands), and three individuals, Frank Zepponi (Zepponi), Billy G. McCoy (McCoy), and Wilford Sedatol (Sedatol)[1] as executive officers of Otis. Thereafter, Highlands intervened, as the workmen’s compensation insurer of Otis, in order to recover the compensation paid to plaintiff, in the event plaintiff recovered in his tort suit. Also, because Otis had previously been judicially determined to be plaintiff’s statutory employer, Otis, and Highlands in its capacity as Otis’ workmen’s compensation insurer, were dismissed as defendants. However, Highlands remained a defendant as the insurer of the three individual defendants sued as executive officers.
*148 The trial court found that Zepponi was not an executive officer of Otis, but that McCoy and Sedatol were executive officers of Otis and further that “none of Frank Zepponi, Billy G. McCoy and Wilford Seda-tol or any other employee [of Otis Engineering Corporation] breached any duty of care owed to the plaintiff in this event; and none of them were negligent nor did they cause the accident and injury to plaintiff . . . , ” The trial court further found that “the accident was not caused by any defect in the equipment or failure of that equipment nor was it occasioned by a method of use of such equipment which the defendants required” and that “the accident and personal injuries suffered by plaintiff were directly and solely caused by the gross negligence of the plaintiff, Joseph Dupre.” Plaintiff’s suit and the intervention of Highlands were both dismissed, and plaintiff has appealed. We affirm.
Patterson, plaintiff’s actual employer, furnished labor crews for various oil field service work. On August 19, 1974, Patterson supplied a five-man work crew, consisting of a foreman and four laborers, to Otis in order to assist Otis in coiling and uncoiling pipe. The next day, August 20, 1974, plaintiff replaced the original foreman of the Patterson crew and began working, as foreman, along with the four original Patterson employees.
The coiling operation was performed by the Patterson crew and Otis employees, including Frank Zepponi, who supervised the coiling operation. This operation consisted of transferring coiled pipe from a number of smaller supply reels to one large storage reel, and was accomplished by the use of a hydraulic motor which turned the storage reel thereby uncoiling the pipe from the supply reel and coiling it onto the larger storage reel. During this phase of the operation the workers, including the man operating the hydraulic motor, were all stationed some distance from the reels. On a number of occasions, it would become necessary for a certain length of the coiled pipe to be pulled back off and unspooled from the large storage reel, and this unspooling operation was accomplished manually by one or more men pulling at the pipe itself and a number of the other workers pulling down on one end of the reel and others pushing up in order to turn the large storage reel and thereby unspool the pipe. During this “unspooling” phase of the operation plaintiff was injured when his foot, which he had placed on one of the spokes of the large storage reel, was caught between a revolving spoke and a stationary part of the structure supporting the storage reel.
At the time of the accident, an injured employee had a cause of action in tort against the executive officers of his corporate employer, his cause of action being based on a breach by those officers of a duty owed by them directly to the employee. Chabina v. Travelers Insurance Co., 251 So.2d 414 (La.App. 1st Cir., 1971), writ denied, 259 La. 902, 253 So.2d 223 (La.1971); Adams v. Fidelity and Casualty Company of New York, 107 So.2d 496 (La.App. 1st Cir., 1958), cert. den. February 16, 1959; Berry v. Aetna Casualty & Surety Company, 240 So.2d 243 (La.App. 2nd Cir., 1970), writ refused, 256 La. 914, 240 So.2d 374 (1970); U.S. cert. denied, 401 U.S. 1005, 91 S.Ct. 1255, 28 L.Ed.2d 541. As we stated in Chabina, supra, “... such [executive] officers owe to the employees the duty of providing a reasonably safe place to work, and this duty would preclude the prescribing of unsafe working procedures.”
Zepponi, who supervised plaintiff and the other workers, testified that he demonstrated to the Patterson crew the proper method and procedure for unspooling the coiled pipe from the large storage reel, instructing them to place only their hands on the large outside rim of the storage reel. He further testified that he told the Patterson crew to otherwise keep their hands and feet off the large reel. Zepponi further stated that he placed his hands on the large reel only in accordance with the method demonstrated to the Patterson crew and that, to his knowledge, the other workers placed their hands in the same position as he had demonstrated. And, from the beginning of the operation until plaintiff’s accident, he never saw plaintiff or any of the other workers *149 place their hands or feet on the spokes of the large storage reel. Zepponi’s testimony was undisputed.
The trial court found that, at the time of the accident, plaintiff and the other workers had been working on this coiling operation for three and one-half days, following the “unspooling” procedure outlined by Zep-poni, all without incident or injury to plaintiff or any of the other workers. The trial court further found that, unknown to Zep-poni or any of the other defendants and without being instructed to do so, plaintiff, immediately prior to the accident, placed his hands and at least one foot on the inside spokes of the large storage reel.
The trial court concluded and the record is clear as to this, that plaintiff was injured when he attempted a maneuver which he had substituted for the method and procedure provided by the defendants. The trial court further concluded that plaintiff’s voluntary and independent deviation from his instructions, in placing his foot on an inside spoke of the storage reel, was the direct and sole cause of the accident and the resulting injury to plaintiff’s foot. After reviewing this entire record, we find that these conclusions of the trial court are correct.
Plaintiff argues that the unspooling could have been accomplished by the use of hydraulic, rather than manual, power, thereby keeping the workers away from the reels when pipe was being unspooled, and that defendants were negligent in failing to utilize this safer procedure. We do not agree.
As we further stated in Chabina, supra: “Employers are not required to furnish the safest possible place to work, but one which is reasonably safe. They cannot be required to anticipate or forestall the possible negligence of their employees in carrying out their instructions.”
In this case, as in Chabina, supra, we believe that a reasonably safe place to work was furnished to plaintiff, and that defendants breached no duty owed to plaintiff in this regard.
Based on the above, the judgment of the trial court is hereby affirmed, and all costs, both in the trial court and of this appeal, are to be paid by plaintiff/appellant.
AFFIRMED.

. Although originally made a defendant, Wilford Sedatol was never served, and was not before the court as a defendant.